UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| NATHANIAL COLIN: BLACHERE, | : Case No. 2:23-cv-730 |
| Plaintiff, | : |
| vs. | : Judge Michael H. Watson |
| | : Magistrate Judge Kimberly A. Jolson |
| DALLAS BALDWIN, FRANKLIN COUNTY SHERIFF, *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

Plaintiff, using the name Nathanial Colin: Blachere, submitted a *pro se* complaint to this Court on February 16, 2023. (Doc. 1-1, PageID 16). He also sought to proceed in the case *in forma pauperis* and without prepaying the filing fee. (Doc. 1). Plaintiff is a state pretrial detainee in custody at the Franklin County Corrections Center II (*see* Doc. 1, PageID 11, 13), and thus is subject to the requirements and limitations of the Prison Litigation Reform Act, (PLRA) of 1995, Pub. L. No. 104–134, 110 State 1321, amending 28 U.S.C. § 1915.

On February 28, 2023, the Court directed a Show Cause Order to Plaintiff. (Doc. 2). The Court noted that Nathanial Colin: Blachere appeared to be the same person as Nathanial Colin Blacker:

> Plaintiff cites in his Complaint to two cases he was litigating in the Court of Common Pleas of Franklin County, Ohio. (Doc. 1-1, PageID 13). One is Case No. 21 CR 993, which is available online to the public, and of which this Court may take judicial notice. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)). This criminal case is captioned *State of Ohio v. Nathanial C. Blacker*, and the online docket sheet is available by case number search at https://fcdcfcjs.co.franklin.oh.us/Case InformationOnline/ (accessed Feb. 28, 2023). Recently, after appointed counsel was permitted to withdraw from the case, "Nathanial Colin: Blachere" signed and

> filed a document therein that listed him as the "accused, in proper persona, pro se." *See* Feb. 14, 2023 "Demand For Discovery" in Case No. 21 CR 993.
>
> Plaintiff also identifies himself by his inmate number in the Complaint. (*See* Doc. 1-1, PageID 9). That number (0376680), according to the Franklin County Sheriff's website, has been assigned to Nathan Colin Blacker. *See* https://fcsojmsweb.franklincountyohio.gov/Publicview (accessed Feb. 28, 2023). No listing is found for Nathanial Blachere or Nathan Blachere.
>
> Plaintiff appears to have used other names over time, including "Nathanial Colin; of the Blacker Family" (Ohio Supreme Court Case No. 10-1627) and "Nathanial Colin, pro se, as free inhabitant, non obstante c/o Nathanial Blacker" (Ohio Supreme Court Case No. 21-1367), both available at https://www.supremecourt.ohio.gov/Clerk/ecms/#/search (accessed Feb. 28, 2023).

(Doc. 2, PageID 29–30).

This Court previously found Nathanial Colin Blacker to have accumulated "three strikes" under the PLRA. In *Blacker v. Satterthwaite*, No. 1:08-cv-874, 2011 WL 637005 (S.D. Ohio Dec. 19, 2011), this Court concluded that:

> Based on Plaintiff's prior litigation history, he is deemed to have "three strikes" against him for purposes of 28 U.S.C. Section 1915(g),[1] and is foreclosed from filing future litigation *in forma pauperis* while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury."

*Id*. at *1. The Undersigned noted in the Show Cause Order that Plaintiff had declared, under penalty of perjury, that he did *not* have three cases so dismissed under 18 U.S.C. § 1915(g). (Doc. 2, PageID 28; *see* Doc. 1, PageID 4). It appeared that Plaintiff failed to disclose his full litigation history, which included three cases in this Court and five cases in the United States District Court for the Middle District of Florida. (Doc. 2, PageID 30).

---

[1] 28 U.S.C. § 1915(g), referred to as the "three strikes" provision of the PLRA, says:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

2

> The Show Cause Order said:
>
> A plaintiff's failure to disclose his full litigation history and status under 28 U.S.C. § 1915(g) has consequences.  Under similar circumstances, the United States Court of Appeals for the Seventh Circuit dismissed a three-striker's action with prejudice. *See Sloan v. Lesza*, 181 F.3d 857 (7th Cir. 1999).  There, the Court warned:
>
>> [Plaintiff] committed a fraud on the federal judiciary by seeking and obtaining permission to appeal *in forma pauperis* without revealing that he has already been held to be covered by § 1915(g). . . . Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit.
>
> *Id*. at 859.  *See also Clervrain v. Lawson*, No. 1:20-cv-1306, Doc. 5 (S.D. Ind. May 6, 2020) (denying plaintiff's *in forma pauperis* motion and dismissing the action with prejudice because he failed to disclose that he had accrued three strikes); *Martin v. Ohio*, No. 2:22-cv-1654, 2023 WL 386245, at *3 (S.D. Ohio Jan. 25, 2023) (denying plaintiff's motion to proceed *in forma pauperis* and advising him that "the Court will dismiss with prejudice any future cases in which Plaintiff seeks *in forma pauperis* status without identifying previously dismissed cases").  Indeed, Blacker was specifically warned that failure to disclose his full litigation history in the future was "likely to result in immediate dismissal, and may invite additional sanctions." *Blacker v. Satterthwaite*, No. 1:08-cv-874, 2011 WL 6338851, at *10-11 (S.D. Ohio Oct. 14, 2011) (Report and Recommendation). In this respect, Plaintiff's signature on the Application—and on every filing in this case—subjects him to the requirements and potential consequences of Rule 11 of the Federal Rules of Civil Procedure.
>
> . . .
>
> As it appears that Plaintiff has failed to disclose his full litigation history in federal court, which includes a finding that he has already accrued three strikes under § 1915(g), Plaintiff is **ORDERED** to show cause why this matter should not be dismissed with prejudice, and/or his Application to proceed *in forma pauperis* denied. He shall file a response **WITHIN THIRTY DAYS** of the date of this Show Cause Order. In his response, Plaintiff shall list <u>all</u> federal cases he has filed <u>under any name</u> and indicate the status of each case. If Plaintiff does not file a response, this case will be dismissed.

(Doc. 2, PageID 30–33 (footnotes omitted)).

The Show Cause Order was mailed to Plaintiff on February 28, 2023, and the docket reflects that the mailing was not returned. To date, Plaintiff has not filed any response to the Order and has not taken any other action in the case.

The Undersigned therefore **RECOMMENDS** that the Court **DISMISS** this action **WITH PREJUDICE**. Plaintiff was warned that dismissal would occur if he did not respond, and he did not respond. Failure to respond to a court order warrants invocation of the Court's inherent power to dismiss under Fed. R. Civ. P. 41(b). *See Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962); *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999).

Further, dismissal *with prejudice* is appropriate, as Plaintiff failed to disclose his full litigation history and, despite a previous warning, has attempted to mislead the Court. *See Blacker v. Satterthwaite*, No. 1:08-cv-874, 2011 WL 6338851, at *11 (S.D. Ohio Oct. 14, 2011), *report and recommendation adopted*, 2011 WL 6370054 (S.D. Ohio Dec. 19, 2011) (instructing that: "In any future motion to proceed *in forma pauperis* whether concerning a new complaint or appeal, Plaintiff should clearly note his *full* litigation history in any federal court. A failure to do so is likely to result in immediate dismissal, and may invite additional sanctions.") (emphasis in original).

The Undersigned further **RECOMMENDS** that the Court **ADVISE** Plaintiff that the Court will dismiss *with prejudice* any future cases in which Plaintiff seeks to proceed *in forma pauperis* without disclosing his status under 28 U.S.C. § 1915(g) and identifying <u>all</u> previously dismissed cases filed <u>under any name</u>. *See Sloan,* 181 F.3d at 859; *Martin*, 2023 WL 386245, at *3 (advising the plaintiff that "the Court will dismiss *with prejudice* any future cases in which Plaintiff seeks *in forma pauperis* status without identifying previously dismissed cases") (emphasis in original).

Finally, the Undersigned **RECOMMENDS** that the Court **CERTIFY** under 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

### Notice Regarding Objections to this Report and Recommendation

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof.  Fed. R. Civ. P. 72(b).  All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections.  The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made.  Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date:  April 24, 2023    /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE